# United States District Court

FOR THE
NORTHERN DISTRICT OF CALIFORNIA

VENUE: OAKLAND

FILED
2013 FEB 21 P 1:29

UNITED STATES OF AMERICA,

V.

CR 12-834 EMC

MONICO DOMINGUEZ,
JUAN DOMINGUEZ, JR.,
SHAWN GEERNAERT, and
JUAN PARTIDA

DEFENDANT(S).

## INDICTMENT

18 U.S.C. § 1951-Hobbs Act Robbery/Conspiracy/Attempt; 18 U.S.C. § 924(c)-Use Possession of Firearm in Furtherance of Crime of Violence; 18 U.S.C. § 1957-Money Laundering; 31 U.S.C. § 5324(a)(3)- Structuring; 18 U.S.C. § 1512 - Obstruction of Justice; 2 1 U.S.C. § 841(a)(1) - Possession with Intent to Distribute Controlled Substance; 2 1 U.S.C. § 860- Maintaining Drug-Involved Premises Near Schools and Playgrounds; 18 U.S.C. § 2- Aiding and Abetting; 18 U.S.C. §§ 924(d) and 981(a)(1)(C)-Robbery Forfeiture; 18 U.S.C. § 982(a)(1)- Money Laundering Forfeiture;
31 U.S.C. § 5317- Structuring Forfeiture

A true bill.

Foreman

Filed in open court this 21ST day of February 2013.

Maria Elena James

ROSE MAHER
Clerk

NO BAIL ARREST WARRANT, $

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

## OFFENSE CHARGED

See Attachment A

☐ Petty ☐ Minor ☐ Misdemeanor ☒ Felony

PENALTY: See Attachment A

## DEFENDANT - U.S.

JUAN PARTIDA

DISTRICT COURT NUMBER
TBD

FILED 2013 FEB 21 P 1:21 CLERK U.S. DISTRICT COURT

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
FBI MELISSA VANEK

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form: MELINDA HAAG
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Asst U.S. Atty Randy S. Luskey

## DEFENDANT

### IS *NOT* IN CUSTODY

1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

DATE OF ARREST Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

** Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time: Before Judge:

Comments:

United States v. Monico Dominguez, et al, et al

Defendant Information Sheet

Attachment A

2013 FEB 21 P 1:29
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(1) **MONICO DOMINGUEZ**

COUNT 1: 18 U.S.C. § 1951(a) — Conspiracy to Commit Robbery Affecting Interstate Commerce

Maximum term of 20 years imprisonment

Maximum term of 3 years supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

COUNT 2: 18 U.S.C. §§ 1951(a) and 2 — Robbery Affecting Interstate Commerce

Maximum term of 20 years imprisonment

Maximum term of 3 years supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

COUNT 3: 18 U.S.C. §§ 924(c) and 2 – Possession of a Firearm in Furtherance of a Crime of Violence

Maximum term of life imprisonment

Mandatory minimum term of 5 or 7 years, to be imposed consecutive to any other term of imprisonment

Maximum term of supervised release of 5 years

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

COUNTS 4 through 6: 18 U.S.C. § 1957 – Money Laundering

Maximum term of 10 years imprisonment

Maximum term of supervised release of 3 years

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100




COUNT 7: 31 U.S.C. § 5324(d) — Structuring
Maximum term of 10 years imprisonment
Maximum term of 3 years supervised release
Maximum fine of $500,000
Mandatory special assessment of $100

COUNT 8: 18 U.S.C. § 1951(a) — Conspiracy to Commit Robbery Affecting Interstate Commerce
Maximum term of 20 years imprisonment
Maximum term of 3 years supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

COUNT 9: 18 U.S.C. §§ 1951(a) and 2 — Attempted Robbery Affecting Interstate Commerce
Maximum term of 20 years imprisonment
Maximum term of 3 years supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

COUNT 10: 18 U.S.C. §§ 924(c) and 2 – Possession of a Firearm in Furtherance of a Crime of Violence
Maximum term of life imprisonment
Mandatory minimum term of 5 or 7 years, to be imposed consecutive to any other term of imprisonment; 25 year mandatory consecutive minimum if convicted of a second 924(c) offense
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count 11: 18 U.S.C. §§ 1512(c)(2) — Obstruction of Justice
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

FILED 2013 FEB 21 P 1:29

(2) **JUAN DOMINGUEZ JR.**

COUNT 8: 18 U.S.C. § 1951(a) — Conspiracy to Commit Robbery Affecting Interstate Commerce

Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

COUNT 9: 18 U.S.C. §§ 1951(a) and 2 — Attempted Robbery Affecting Interstate Commerce

Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

COUNT 10: 18 U.S.C. §§ 924(c) and 2 – Possession of a Firearm in Furtherance of a Crime of Violence

Maximum term of life imprisonment
Mandatory minimum term of 5 or 7 years, to be imposed consecutive to any other term of imprisonment; 25 year mandatory consecutive minimum if convicted of a second 924(c) offense
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

FILED
2013 FEB 2?
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**(3) SHAWN GEERNAERT**

COUNT 8: 18 U.S.C. § 1951(a) — Conspiracy to Commit Robbery Affecting Interstate Commerce
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

COUNT 9: 18 U.S.C. §§ 1951(a) and 2 — Attempted Robbery Affecting Interstate Commerce
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

COUNT 12: 21 U.S.C. § 841(a) and (b)(1)(C) — Possession with Intent to Distribute Controlled Substance
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of $1,000,000
Mandatory special assessment of $100

COUNT 13: 21 U.S.C. § 860 — Maintaining Drug-Involved Premises Near Schools or Playgrounds
Maximum term of 40 years' imprisonment
Mandatory minimum term of one year imprisonment
Maximum term of 6 years' supervised release
Maximum fine of $2,000,000
Mandatory special assessment of $100



FILED
2013 FEB 21 P 1:29

(4) **JUAN PARTIDA**

COUNT 1: 18 U.S.C. § 1951(a) — Conspiracy to Commit Robbery Affecting Interstate Commerce
Maximum term of 20 years imprisonment
Maximum term of 3 years supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

COUNT 2: 18 U.S.C. §§ 1951(a) and 2 — Robbery Affecting Interstate Commerce
Maximum term of 20 years imprisonment
Maximum term of 3 years supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

COUNT 3: 18 U.S.C. §§ 924(c) and 2 – Possession of a Firearm in Furtherance of a Crime of Violence
Maximum term of life imprisonment
Mandatory minimum term of 5 or 7 years, to be imposed consecutive to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count 14: 18 U.S.C. §§ 1001 — False Statements
Maximum term of 5 years imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count 15: 18 U.S.C. §§ 1512(c)(2) — Obstruction of Justice
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

MELINDA HAAG (CABN 132612)
United States Attorney




UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MONICO DOMINGUEZ,<br>JUAN DOMINGUEZ, JR.,<br>SHAWN GEERNAERT, and<br>JUAN PARTIDA<br><br>Defendants. | ) | No. CR 12-00834 EMC<br><br>VIOLATIONS: 18 U.S.C. § 1951 – Hobbs Act Robbery/Conspiracy/Attempt; 18 U.S.C. § 924(c) – Use/Possession of Firearm in Furtherance of Crime of Violence; 18 U.S.C. § 1957 – Money Laundering; 31 U.S.C. § 5324(a)(3) – Structuring; 18 U.S.C. § 1512 – Obstruction of Justice; 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Controlled Substance; 21 U.S.C. § 860 – Maintaining Drug-Involved Premises Near Schools and Playgrounds; 18 U.S.C. § 1001 – False Statements; 18 U.S.C. § 2 – Aiding and Abetting; 18 U.S.C. §§ 924(d) and 981(a)(1)(C) – Robbery Forfeiture; 18 U.S.C. § 982(a)(1) – Money Laundering Forfeiture; 31 U.S.C. § 5317 – Structuring Forfeiture.<br><br>SAN FRANCISCO VENUE<br><br>~~UNDER SEAL~~ |

S U P E R S E D I N G  I N D I C T M E N T

The Grand Jury charges:

COUNT ONE: (18 U.S.C. § 1951(a) — Conspiracy to Commit Robbery Affecting Interstate Commerce)

1. From in or about June 2011, up through and including on or about August 11, 2011, in the Northern District of California, the defendants,

MONICO DOMINGUEZ and
JUAN PARTIDA,

and others known and unknown to the grand jury, unlawfully, willfully, and intentionally combined, conspired, confederated, and agreed together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby would obstruct, delay, and affect commerce and the movement of articles and commodities in commerce.

All in violation of Title 18, United States Code, Section 1951(a).

COUNT TWO: (18 U.S.C. §§ 1951(a) and 2 — Robbery Affecting Interstate Commerce)

2. On or about August 11, 2011, in the Northern District of California, the defendants,

MONICO DOMINGUEZ and
JUAN PARTIDA,

and others known and unknown to the grand jury, unlawfully and knowingly obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1).

All in violation of Title 18, United States Code, Sections 1951(a) and 2.

COUNT THREE: (18 U.S.C. §§ 924(c) and 2 — Possession of a Firearm in Furtherance of a Crime of Violence)

3. On or about August 11, 2011, in the Northern District of California, the defendants,

MONICO DOMINGUEZ and
JUAN PARTIDA,

and others known and unknown to the grand jury, unlawfully and knowingly used and carried a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the conspiracy to commit robbery affecting commerce charged in

Count One of this Indictment, and the robbery affecting commerce charged in Count Two of this Indictment and possessed and brandished a firearm in furtherance of the offenses charged in Counts One and Two of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c) and 2.

COUNTS FOUR THROUGH SIX: (18 U.S.C. § 1957 – Money Laundering)

4. On or about the dates set forth below, in the Northern District of California, the defendant,

MONICO DONINGUEZ,

unlawfully and knowingly engaged and attempted to engage in the following monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is the conspiracy to commit robbery affecting commerce charged in Count One of this Indictment and the robbery affecting interstate commerce as charged in Count Two of the Indictment:

| [illegible] | [illegible] | [illegible] |
|---|---|---|
| 4 | August 30, 2011 | Purchase of 2011 Harley Davidson (20R3956) with $21,000 in cash |
| 5 | December 4, 2011 | Purchase of 2010 Hyundai Genesis (6TBD651) with $20,000 cashier's check |
| 6 | March 7, 2012 | Purchase of Edwards 60-Ton Hydraulic Ironworker with $10,775 wire transfer |

Each in violation of Title 18, United States Codes, Section 1957.

COUNT SEVEN: (31 U.S.C. § 5324(a)(3) – Structuring)

5. From on or about August 17, 2011, up through and including on or about June 29, 2012, in the Northern District of California, the defendant,

MONICO DOMINGUEZ,

unlawfully and knowingly, and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structured,

assisted in structuring, and attempted to structure and assist in structuring transactions with domestic financial institutions, by engaging in approximately 42 cash deposits of domestic coin and currency totaling approximately $146,500, as part of a scheme and pattern of illegal activity involving more than $100,000 in a 12-month period.

All in violation of Title 31, United States Code, Section 5324(a)(3) and 5324(d); and Title 31, Code of Federal Regulations, Part 103.

COUNT EIGHT: (18 U.S.C. § 1951(a) — Conspiracy to Commit Robbery Affecting Interstate Commerce)

6. From in or about July 2012, up through and including on or about August 6, 2012, in the Northern District of California, the defendants,

MONICO DOMINGUEZ,
JUAN DOMINGUEZ, JR., and
SHAWN GEERNAERT,

and others known and unknown to the grand jury, unlawfully, willfully, and intentionally combined, conspired, confederated, and agreed together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby would obstruct, delay, and affect commerce and the movement of articles and commodities in commerce.

All in violation of Title 18, United States Code, Section 1951(a).

COUNT NINE: (18 U.S.C. §§ 1951(a) and 2 — Attempted Robbery Affecting Interstate Commerce)

7. On or about August 6, 2012, in the Northern District of California, the defendants,

MONICO DOMINGUEZ,
JUAN DOMINGUEZ, JR., and
SHAWN GEERNAERT,

and others known and unknown to the grand jury, unlawfully and knowingly attempted to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1).

All in violation of Title 18, United States Code, Sections 1951(a) and 2.

COUNT TEN: (18 U.S.C. §§ 924(c) and 2 — Possession of a Firearm in Furtherance of a Crime of Violence)

8. On or about August 6, 2012, in the Northern District of California, the defendants,

MONICO DOMINGUEZ, and

JUAN DOMINGUEZ, JR.,

and others known and unknown to the grand jury, unlawfully and knowingly used and carried a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the conspiracy to commit robbery affecting commerce charged in Count Eight of this Indictment, and the attempted robbery affecting commerce charged in Count Nine of this Indictment and possessed and brandished a firearm in furtherance of the offenses charged in Counts Eight and Nine of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c) and 2.

COUNT ELEVEN: (18 U.S.C. § 1512(c)(2) — Obstruction of Justice)

9. In or about September 2012, in the Northern District of California, the defendant,

MONICO DONINGUEZ,

unlawfully, knowingly, and corruptly attempted to obstruct, influence, and impede an official proceeding, to wit, MONICO DOMINGUEZ solicited another individual to bribe a government witness to offer false testimony, thereby obstructing and impeding a federal criminal investigation.

All in violation of Tile 18, United States Code, Section 1512(c)(2).

COUNT TWELVE: (21 U.S.C. § 841(a)(1) — Possession with Intent to Distribute a Controlled Substance)

10. On or about October 21, 2012, in the Northern District of California, the defendant,

SHAWN GEERNAERT,

unlawfully, knowingly, and intentionally possessed with the intent to distribute marijuana.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).

COUNT THIRTEEN: (21 U.S.C. § 860 — Maintaining Drug-Involved Premises in or Near Schools and Playgrounds)

11. On or about October 21, 2012, in the Northern District of California, the defendant,

SHAWN GEERNAERT,

unlawfully, knowingly, and intentionally maintained a cabinet shop at 2944 Dutton Meadow in Santa Rosa, California, for the purpose of manufacturing marijuana, within 1,000 feet of the real property comprising a playground.

All in violation of Title 21, United States Code, Section 860.

COUNT FOURTEEN: (18 U.S.C. § 1001 — False Statement to Government Agency)

12. On or about December 12, 2012, in the Northern District of California, the defendant,

JUAN PARTIDA,

unlawfully, willfully, and knowingly made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of a department or agency of the United States, to wit, JUAN PARTIDA told federal investigators that he did not know MONICO DOMINGUEZ, his cousin, had never heard the name MONICO DOMINGUEZ, and had never talked to MONICO DOMINGUEZ, thereby obstructing and impeding a federal criminal investigation.

All in violation of Title 18, United States Code, Section 1001.

COUNT FIFTEEN: (18 U.S.C. § 1512(c)(2) — Obstruction of Justice)

13. On or about December 12, 2012, in the Northern District of California, the defendant,

JUAN PARTIDA,

unlawfully, knowingly, and corruptly attempted to obstruct, influence, and impede an official proceeding, to wit, JUAN PARTIDA told federal investigators that he did not know MONICO DOMINGUEZ, his cousin, had never heard the name MONICO DOMINGUEZ, and had never talked to MONICO DOMINGUEZ, thereby obstructing and impeding a federal criminal

investigation.

All in violation of Tile 18, United States Code, Section 1512(c)(2).

FIRST FORFEITURE ALLEGATION: (18 U.S.C. §§ 924(d) and 981(a)(1)(c) — Robbery Forfeiture )

14. The allegations contained in this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. §§ 924(d), 981(a)(1)(C) and 28 U.S.C. § 2461(c).

15. Upon a conviction for Counts One, Two, Three, Eight, Nine, or Ten, alleged above, the defendants,

MONICO DOMINGUEZ,
JUAN DOMINGUEZ, JR.,
SHAWN GEERNAERT, and
JUAN PARTIDA

shall forfeit to the United States of America: (1) any property, real or personal, which constitutes or is derived from proceeds traceable to said offense, and (2) any firearms or ammunition intended to be used in said offense, including but not limited to:

a. a 2011 Harley-Davidson Motorcycle bearing license plate number 20R3956;

b. a 2005 Harley-Davidson Motorcycle bearing license plate number NORYDS;

c. a 1997 Harley-Davidson Motorcycle bearing license plate number 6KOR650;

d. a 2011 Kawasaki KLR 650 Motorcycle;

e. a 2010 Hyundai Genesis bearing license plate number 6TBD651;

f. a 1963 Chevy Impala bearing license plate number 6TXA180;

g. a Deep Arch Corrugated Quonset Hut Style Building; and

h. a Edwards 60-Ton Hydraulic Ironworker

16. If, as a result of any act or omission of the defendant, any of said property

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

any and all interest the defendants have in other property shall be vested in the United States and forfeited to the United States pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461.

All in violation of 18 U.S.C. §§ 924(d), 981(a)(1)(C); 28 U.S.C. § 2461(c); and Rule 32.2 of the Federal Rules of Criminal Procedure.

<u>SECOND FORFEITURE ALLEGATION</u>: (18 U.S.C. § 982(a)(1) — Money Laundering Forfeiture)

17. The factual allegations contained in Counts Four through Six of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 982(a)(1).

18. Upon a conviction of any of the offenses alleged in Counts Four through Six, the defendant,

MONICO DOMINGUEZ,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), all right, title, and interest in property, real and personal, involved in said violation, or any property traceable to such property, including but not limited to the following:

a. a 2011 Harley-Davidson Motorcycle bearing license plate number 20R3956;

b. a 2010 Hyundai Genesis bearing license plate number 6TBD651;

c. a Edwards 60-Ton Hydraulic Ironworker.

19. If, as a result of any act or omission of the defendants, any of said property

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

any and all interest the defendant has in any other property (not to exceed the value of the above forfeitable property) shall be forfeited to the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated in Title 18, United States Code, Section 982(b)(1).

THIRD FORFEITURE ALLEGATION: (31 U.S.C. § 5317 - Structuring Forfeiture)

20. The allegations contained in Count Seven of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 31, United States Code, Section 5317.

21. Pursuant to Title 31, United States Code, Section 5317, upon conviction of Count Seven, the defendant,

MONICO DOMINGUEZ,

shall forfeit to the United States of America all property, real or personal, involved in the offense and any property traceable thereto, including but not limited to:

a. a 2011 Harley-Davidson Motorcycle bearing license plate number 20R3956;

b. a 2005 Harley-Davidson Motorcycle bearing license plate number NORYDS;

c. a 1997 Harley-Davidson Motorcycle bearing license plate number 6KOR650;

d. a 2011 Kawasaki KLR 650 Motorcycle;

e. a 2010 Hyundai Genesis bearing license plate number 6TBD651;

f. a 1963 Chevy Impala bearing license plate number 6TXA180;

g. a Deep Arch Corrugated Quonset Hut Style Building; and

h. a Edwards 60-Ton Hydraulic Ironworker

22. If any of the property described above, as a result of any act or omission

of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 31, United States Code, Section 5317(c) and by Title 28, United States Code, Section 2461(c).

DATED: February 21 2013

A TRUE BILL

FOREPERSON

MELINDA HAAG
United States Attorney

MIRANDA KANE
Chief, Criminal Division

(Approved as to form: _______________)
RANDY LUSKEY
Assistant United States Attorney