STEVEN G. KALAR
Federal Public Defender
JODI LINKER
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700
Telefacsimile: (415) 436-7706

Counsel for Defendant DOMINGUEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR-12-0834 EMC |
|---|---|---|
| Plaintiff, | ) ) | DEFENDANT'S SENTENCING MEMORANDUM |
| v. | ) ) | |
| JUAN DOMINGUEZ JR., | ) ) | Court: Hon. Edward M. Chen
Date: August 7, 2013
Time: 2:30 p.m. |
| Defendant. | ) ) | |

**INTRODUCTION**

Juan Dominguez Jr. made the biggest mistake of his life when he agreed on August 6, 2012 to make some quick cash by helping his uncle. Prior to this incident, his longest term in custody was 45 *days*. Now – given his own bad decision – he will be separated from his children and family for many many years. He understands that is necessary, and acknowledges that he must be punished for what he has done. The question for this Court is what sentence is sufficient *but not greater than* necessary to achieve all of the goals of sentencing. Mr. Dominguez submits that a sentence of 5 years – twenty times longer than any sentence previously imposed – meets all of the goals of sentencing under 18 U.S.C. § 3553(a).

It is undisputed that Mr. Dominguez was a low-level player in this conspiracy. In fact, he did not learn of the object of the robbery, *i.e.*, that the plan was to steal an armored truck, until the day of the incident. His role was simply to drive to the cabinet shop and open the gate for the others to drive the truck into. For that, he was to receive $50,000 – a mere fraction of the anticipated gains of the robbery. Moreover, while he has agreed to a significant increase in his offense level under the guidelines because he knew one of his co-conspirators would possess a gun, he chose not to possess a gun himself. Undoubtedly, what he did was wrong, and Mr. Dominguez deeply regrets making such a poor decision as a shortcut to make money. Nonetheless, his is not the profile of a criminal mastermind and a sentence of five years imprisonment will more than adequately punish and deter him.

**DISCUSSION**

The parties and Probation Office agree that Mr. Dominguez's final adjusted offense level is 24, criminal history category is III, and resulting range is 63-72 months. Pursuant to the terms of the plea agreement, the government agrees not to ask for any higher than 72 months in custody, and Mr. Dominguez may request a sentence no lower than 60 months. The Probation Officer has recommended a sentence of 63 months.

In sentencing Mr. Dominguez, this Court must consider *all* of the directives set forth in 18 U.S.C. § 3553(a); the sentencing guidelines are only one factor among many to be considered by the Court. *See United States v. Booker*, 543 U.S. 220 (2005); *Kimbrough v. United States*,

128 S.Ct. 558, 570 (2007).  "The overarching statutory charge for a district court is to impose a sentence sufficient, but not greater than necessary" to achieve the goals of section 3553(a). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotations omitted).  Those goals include the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  18 U.S.C. § 3553(a)(2).  Section 3553(a) directs the court to consider a number of additional factors, including the nature and circumstances of the offense, § 3553(a)(1); the history and characteristics of the defendant, § 3553(a)(1); the kinds of sentences available, § 3553(a)(3); the sentencing guideline range, § 3553(a)(4); pertinent Sentencing Commission policy statements, § 3553(a)(5); the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and, the need to provide restitution to any victims of the offense, § 3553(a)(7).

   For the following reasons, a sentence of five years of imprisonment is the reasonable and appropriate sentence in consideration of all of the § 3553(a) factors.

   First, while the offense conduct in this case involved a conspiracy to commit a serious robbery, Mr. Dominguez's role in that offense was relatively minor.  He was not brought into the conspiracy until the day of the event, and is heard on the recording that very day being told what the object of the conspiracy was – to rob an armored truck.  Mr. Dominguez is heard on the recording expressing surprise at this.  While he should have walked out at that very moment, the lure of $50,000 was too much for him, and he made the bad decision to stay in the conspiracy. Mr. Dominguez was shown firearms, and he knew that one of his co-conspirators would have a firearm, yet while there were multiple firearms available, Mr. Dominguez chose not to carry a firearm.  His role in the conspiracy was to drive to the cabinet shop to open the gate so that the others could drive the stolen armored car through the gate smoothly.  Fortunately, the robbery never occurred and no one was put at risk.  Nonetheless, Mr. Dominguez's limited role in the conspiracy must be taken into consideration.

   Second, Mr. Dominguez's personal circumstances were marred by a difficult childhood:

he never was provided a stable and positive familial or financial structure. His mother was extremely young when she had him and his brother, and his father was relatively absent. From a young age, he was forced to fend for himself. After getting into a bad car accident where he severely injured his back, he started abusing prescription pain medications. This led him to make even worse decisions for himself. Additionally, this case has caused a deep rift in his family, which has been devastating to Mr. Dominguez. While his clear priority is being there for his children, it has been deeply troubling to watch his family torn apart by this case.

Third, while the other three defendants in this case are set for trial and have filed numerous motions, Mr. Dominguez chose the unpopular path of accepting responsibility for his actions and pleading guilty as soon as was practicable. Without filing any motions or challenging the allegations in any way, Mr. Dominguez quickly and forthrightly acknowledged his wrongdoing and pleaded guilty before this Court pursuant to a plea agreement. Under the terms of that agreement, the government agrees that a sentence anywhere between five and six years is reasonable.

Fourth, while Mr. Dominguez has had prior law enforcement contacts, the longest sentence imposed was 90 days, and the longest time he has ever served is 45 days. On this case, he has already spent a year in custody. Importantly, Mr. Dominguez has made the most of that time. He has obtained his GED, taken all vocational courses offered at the jail, and received an academic achievement award. He has, in fact, taken advantage of every program offered at the jail. This is clear and concrete evidence of Mr. Dominguez's commitment to improving himself and making sure that he leaves custody better than when he came in. If he is able to achieve this much in his time in county jail, he will be even more able to take advantage of the more numerous opportunities and programs offered in federal custody. He requests that the Court recommend that the Bureau of Prisons designate him to a facility with a culinary arts or other vocational program.

Fifth, as Mr. Dominguez has explained in a thoughtful letter to the Court, he regrets what he has done and understands that it is not worth it to do anything like this again. Letter from Mr. Dominguez to the Court attached to the PSR. He explains that he is "doing everything in my

power to make my life bright and be a role model for my family." Mr. Dominguez understands that this was not wroth the money and recognizes that he will never get himself in this situation again because he never wants to be separated from his family again.

Finally, a sentence of five years in custody will protect the public and deter criminal conduct, both by Mr. Dominguez and others. Such a sentence would also adequately reflect the seriousness of Mr. Dominguez's offense and promote respect for the law. It is unlikely that an additional term in custody would provide any additional deterrence, public protection, or respect for the law. There is no doubt that Mr. Dominguez has learned his lesson; he understands the severity of what he has done and has expressed genuine remorse for his actions. A sentence of five years is a significant term in custody to adequately promote respect for the law and general deterrent. Anything longer would be purely for the sake of punishment and add nothing to the remaining goals of sentencing.

## **CONCLUSION**

While Mr. Dominguez certainly deserves a significant punishment, his level of involvement, criminal history and personal background warrant a sentence of five years imprisonment to be followed by three years of supervised release. Such a sentence is sufficient but not greater than necessary to meet all of the goals of sentencing under 18 U.S.C. § 3553(a).

Date: August 1, 2013

                                                        Respectfully submitted,

                                                        /s/
                                                    JODI LINKER
                                                   Assistant Federal Public Defender