MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

RANDY LUSKEY (CABN 240915)
Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7359
    FAX: (415) 436-7234
    Randall.luskey@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR NO. 12-00834 EMC |
| Plaintiff, | |
| v. | GOVERNMENT'S TRIAL BRIEF |
| | Pretrial Conference: January 28, 2014 |
| MONICO DOMINGUEZ, and JUAN PARTIDA, | Time: 2:30 p.m.<br>Courtroom: 17th Floor, Ctrm 5 |
| Defendants. | |

The trial in this matter is set to begin February 10, 2014, at 8:30 a.m., with jury selection scheduled for February 7, 2014, at 8:30 a.m., and the pretrial conference scheduled for January 28, 2014, at 2:30 p.m. Pursuant to the Court's First Amended Pretrial Order, the government respectfully submits the following Trial Brief.

## I. THE CHARGED OFFENSES

On February 21, 2012, a grand jury returned a fourteen-count Superseding Indictment charging defendant Monico Dominguez with eleven counts related to his participation in the August 11, 2011

U.S. V DOMINGUEZ, CR 12-834 EMC
GOVERNMENT'S TRIAL BRIEF

1

robbery and the August 6, 2012 attempted robbery of the Garda Cash Logistics armored car warehouse in Santa Rosa, California.  The Superseding Indictment also charged defendant Juan Partida with three counts related to his involvement in the August 11, 2011 armed robbery and with two counts for making false statements to the FBI when interviewed about the Garda robbery.

The evidence at trial will show that Partida began working at Garda in June of 2011 and Dominguez began planning the robbery in July of 2011.  Dominguez met with cooperating witness Milton Fierro several times to plan the robbery.  During these meetings, Dominguez passed along inside information that he had been provided from Partida.  On August 11, 2011, Dominguez and Fierro carried out the armed robbery.  They parked across the creek bed next to the Garda warehouse, waited for the Garda truck to arrive, rolled underneath the garage door as it was closing, held up both Garda guards with an AK-47 and a pistol, grabbed, threatened, and zip-tied both guards, obtained the vault code, and stole approximately $907,000 in cash before fleeing the scene by car.  When they arrived back at Dominguez's residence, Dominguez's girlfriend, Caitlin Butler, was present.  Butler will testify that she recalls seeing Dominguez enter the apartment carrying large black bags.  Butler will also testify that she and Dominguez left on a trip to Oregon the very next day and, on that trip, she noticed Dominguez reading internet articles on her computer about the Garda warehouse robbery.

When Dominguez and Butler returned back to Santa Rosa, the spending spree began.  The evidence will show that Dominguez made repeated large cash deposits - always under $10,000 – into his bank accounts and made at least three major purchases of items costing more than $10,000, which form the basis of Counts Four through Six, the money laundering counts.  Dominguez is also charged with structuring in Count Seven for engaging in a pattern of cash deposits, some of them on the same day, that were designed to avoid the currency transaction reporting requirement.  Dominguez bought cars, motorcycles, heavy machinery, and other goods.  Butler will testify that Dominguez also gave her envelopes full of cash to put into her bank accounts on a fairly regular basis, resulting in upwards of $88,000 in cash deposits into her account alone in late 2011 and early 2012.

By the summer of 2012, the Santa Rosa Police Department and the FBI had closed their investigation. They were out of leads.  But Dominguez got greedy and tried to pull off a second heist.

In July of 2012, Dominguez approached his old friend Kevin Jensen to help Dominguez rob Garda a second time. When Jensen was considering whether to help Dominguez with the robbery, he did a quick internet search and learned about the August 11, 2011 robbery. He also learned that Garda was offering a $100,000 reward for any information as to the identity of the robbers in the August 11, 2011 robbery. Jensen decided to take the reward money and to cooperate with law enforcement, so he called the FBI. Over the course of the next two weeks, Jensen wore a body wire during his meeting with Dominguez and consensually recorded his phone contacts with Dominguez. In each of these contacts, Dominguez intricately sets forth every detail of the planned robbery. The plan was to stick up the guards as they pulled the armored car into the warehouse, steal the armored car, and take it back to Shawn Geernaert's Custom Cabinet shop, where it would be unloaded. Geernaert will testify that Dominguez offered him large sums of money to borrow his shop for the night. Dominguez was set to hit it big, as the victim armored car was carrying approximately $9,000,000 on this night.

On the night of the robbery, Dominguez, Jensen, and Dominguez's nephew, Juan Dominguez Jr., met at Dominguez's house to prepare themselves. Dominguez armed himself with a firearm and set out in a car with Jensen driving towards the Garda warehouse. Ultimately, the robbery was called off because the Santa Rosa Police Department had constructed an elaborate diversion in order to talk Dominguez out of the robbery. Surveillance video, historical cell site analysis, and GPS data corroborate every aspect of Jensen's expected testimony about the way the robbery attempt unfolded on August 6, 2012.

After his arrest, Dominguez approached a fellow inmate, Chance Trishel, in jail and admitted that he had robbed the Garda warehouse. Dominguez, who knew that Trishel was going to be released fairly shortly, asked Trishel to meet up with one of Dominguez's friends who would give Trishel some money. Dominguez instructed Trishel to take that money to the government's informant, Jensen, and attempt to bribe Jensen not to testify against Dominguez.

The FBI spoke with Juan Partida on December 12, 2012. During that meeting, the interviewers explained to Partida that Dominguez had been arrested on federal charges related to the robbery of the Garda warehouse. The interviewers then asked Partida if he recognized the name Monico Dominguez,

U.S. V DOMINGUEZ, CR 12-834 EMC
GOVERNMENT'S TRIAL BRIEF

and Partida replied that he was not familiar with that name. The interviewers then asked Partida if he knew Monico Dominguez, and Partida replied that he did not. Finally, the interviewers asked if Partida had ever talked to or called Monico Dominguez, and Partida answered that he had "never talked to" Dominguez. Co-workers of Partida will testify that Partida would make comments about how it would be "easy to take money" from Garda and "hard to get caught." Moreover, in the five month period leading up July of 2011, Dominguez and Partida had relatively infrequent telephone contact. During that period, they exchanged five total calls, and Partida never once initiated a call to Dominguez. In the month leading up to the Garda robbery, however, the phone records show Dominguez calling Partida twice on July 15th, Partida calling Dominguez twice on July 30th, once on August 1st, again on August 2nd, again on August 3rd, and once more on August 8th at 3:11 a.m.

Dominguez is charged with the following offenses:

*August 11, 2011 Robbery*

- COUNT 1:  18 U.S.C. § 1951(a) — Conspiracy to Commit Robbery Affecting Interstate Commerce

- COUNT 2:  18 U.S.C. §§ 1951(a) and 2 — Robbery Affecting Interstate Commerce

- COUNT 3:  18 U.S.C. §§ 924(c) and 2 – Possession of a Firearm in Furtherance of a Crime of Violence

- COUNTS 4 through 6:  18 U.S.C. § 1957 – Money Laundering

- COUNT 7:  31 U.S.C. § 5324(d) — Structuring

*August 6, 2012 Attempted Robbery*

- COUNT 8:  18 U.S.C. § 1951(a) — Conspiracy to Commit Robbery Affecting Interstate Commerce

- COUNT 9:  18 U.S.C. §§ 1951(a) and 2 — Attempted Robbery Affecting Interstate Commerce

U.S. V DOMINGUEZ, CR 12-834 EMC
GOVERNMENT'S TRIAL BRIEF

4

- COUNT 10: 18 U.S.C. §§ 924(c) and 2 – Possession of a Firearm in Furtherance of a Crime of Violence

- COUNT 11: 18 U.S.C. §§ 1512(c)(2) — Obstruction of Justice

Partida is charged with the following offenses in connection with the August 11, 2011 robbery:

- COUNT 1: 18 U.S.C. § 1951(a) — Conspiracy to Commit Robbery Affecting Interstate Commerce

- COUNT 2: 18 U.S.C. §§ 1951(a) and 2 — Robbery Affecting Interstate Commerce

- COUNT 3: 18 U.S.C. §§ 924(c) and 2 – Possession of a Firearm in Furtherance of a Crime of Violence

- COUNT 14: 18 U.S.C. §§ 1001 — False Statements

- COUNT 15: 18 U.S.C. §§ 1512(c)(2) — Obstruction of Justice

## II. STIPULATED FACTS

At present, there are no relevant facts upon which the parties stipulate. The parties expect agreement on a number of foundational / evidentiary stipulations, but have reached no stipulations of fact.

## III. APPLICABLE LAW

The government has set forth the elements associated with each of the charged offenses in is Proposed Jury Instructions, filed herewith.

/ /

## IV. OTHER ISSUES RELEVANT TO THE TRIAL

The government has raised additional legal issues in its motion *in limine*, filed on January 7, 2014. Separate and apart from the issues raised in the government and defendants' motions *in limine*, the government has no additional issues to bring to the Court's attention at this time.

DATED: January 13, 2014

Respectfully submitted,
MELINDA HAAG
United States Attorney

/s/
RANDY LUSKEY
Assistant United States Attorneys

U.S. V DOMINGUEZ, CR 12-834 EMC
GOVERNMENT'S TRIAL BRIEF

6