MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

RANDY LUSKEY (CABN 240915)
Assistant United States Attorney

  1301 Clay Street, Suite 340S
  Oakland, California 94612
  Telephone: (510) 637-3689
  Fax: (510) 637-3724
  E-Mail: randall.luskey@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 12-00834 EMC |
| Plaintiff, | |
| v. | SENTENCING MEMORANDUM |
| MONICO DOMINGUEZ, | Hearing Date: May 14, 2014<br>Time: 2:00 p.m. |
| Defendant. | |

**INTRODUCTION**

Pursuant to Criminal Local Rule 32-5(b), the United States respectfully submits this sentencing memorandum concerning defendant Monico Dominguez. On February 24, 2014, a jury found the defendant guilty of committing the August 11, 2011 armed robbery of the Garda armored car facility in Santa Rosa, California and attempting to commit a second armed robbery of that same facility on August 6, 2012. The jury found the defendant guilty of violations of 18 U.S.C. § 1951(a) – Conspiracy to Commit Robbery Affecting Interstate Commerce (Counts One and Eight); 18 U.S.C. § 1951(a) –

U.S. SENTENCING MEMORANDUM
CR 12-00834 EMC

Robbery Affecting Interstate Commerce (Counts Two and Nine); 18 U.S.C. § 924(c) – Possession of a Firearm in Furtherance of a Crime of Violence (Counts Three and Ten); 18 U.S.C. § 1957 – Money Laundering (Counts Four through Six); and 31 U.S.C. § 5324(d) – Structuring (Count Seven).

The defendant is now facing a 32 year mandatory minimum arising from his two convictions under 18 U.S.C. § 924(c), the first of which involved the brandishing of an AK-47 assault rifle. The government gave the defendant repeated chances to avoid this 32 year mandatory minimum. At some point prior to trial, the government offered the defendant a plea deal "in the low 20's," but the defendant rejected the offer. Again, as trial approached, the government re-offered the defendant the same plea deal, even though the government had already spent considerable time preparing its case for trial. The defendant, yet again, rejected the deal. This failure to accept responsibility is the driving force behind the 32 year mandatory minimum that the defendant is now facing. Even in his post-trial interview with probation, the defendant kept the farce alive and continued to deny his involvement in the August 11, 2011 robbery. He continued to deny that he was the man who threatened these innocent guards' lives while pointing an AK-47 at them and making off with almost $1 million in cash, which he spent lavishly for the ensuing year. The defendant chose to refuse to come to grips with his wrongdoing and, instead, to take the case to trial, in spite of the overwhelming evidence against him. That choice, and not the heavy-handedness of the government or the Court, is responsible for the 32 year sentence the Court must now impose.

Considering the factors set forth in 18 U.S.C. § 3553(a), the government respectfully requests that the Court sentence the defendant to a sentence of 32 years in custody with a three year period of supervised release, and a $1000 special assessment. The government submits that a 32 year term of imprisonment followed by a three year term of supervised release is not greater than necessary to reflect the seriousness of the offense, afford adequate deterrence, and protect the public, consistent with 18 U.S.C. § 3553(a).

## FACTUAL BACKGROUND

The government agrees with and incorporates by reference the facts as set forth in the Presentence Investigation Report ("PSR"). PSR ¶¶ 8-23.

U.S. SENTENCING MEMORANDUM
CR 12-00834 EMC

# ARGUMENT

Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 245 (2005), this Court may consider any of the sentencing factors set forth in 18 U.S.C. § 3553(a) when imposing sentence, irrespective of the sentencing guidelines calculation applicable to the offense of conviction. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

## I. The Applicable Guideline Range

The government agrees with the Probation Office's guideline calculations. PSR ¶¶ 27-61. The Total Offense Level is 34 and the defendant's Criminal History Category is I, yielding a guideline range of 151-188 months. The 7 year mandatory minimum for Count Three and the 25 year mandatory minimum for Count Ten must run consecutively with any other sentence imposed. *See* § 924(c)(1)(D)(ii) ("no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed for the crime of violence . . . during which the firearm was . . . carried."). Therefore, the applicable sentencing range available to the Court is a range of <u>384-572 months</u> imprisonment. The government and Probation both recommend a sentence at the low-end of that range.

## II. Application Of The Factors In 18 U.S.C. § 3553(a) Demonstrates That A Sentence Of 32 Years Imprisonment Is Reasonable.

The statutory sentencing factors support the 32 year sentence recommended by the government and Probation. The offense conduct in this case was egregious, and there is no telling what might have happened if law enforcement had not intervened to stop the second armed robbery. The Court sat through a lengthy trial in this case, so the government will not rehash the facts in great detail. In sum, the defendant pointed an AK-47 assault rifle at a Garda guard, Aun Yath, before tying him up and robbing the Garda warehouse for almost $1 million. Then the defendant got greedy and tried it again about a year later, armed with a firearm and body armor. The body wire recordings that the Court heard depict a defendant who had no concern for human life. He is heard talking about threatening the guards' lives and their families. He discusses the prospect of using a long range gun as a sniper weapon. He talks about his plan to take the money and flee the country to Costa Rica. This was a very serious offense and the Court's sentence will send a strong message that armed robberies will not be tolerated.

## CONCLUSION

Based upon the reasons set forth above, the United States respectfully requests that the Court impose the sentence of 32 years in custody, to be followed by three years of Supervised Release, with a $1000 special assessment.

DATED: May 7, 2014                                  Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　MELINDA HAAG
　　　　　　　　　　　　　　　　　　　　　　　United States Attorney


　　　　　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　　　RANDY LUSKEY
　　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

U.S. SENTENCING MEMORANDUM
CR 12-00834 EMC